IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00651-BNB

LYNN E. SCOTT,

    Plaintiff,

v.

JOHN REILLY,
ROBERTA WALTERS,
RON WALTERS,
PAM KEHANIC [sic], and
MARY CARTER,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 0 5 2008

GREGORY C. LANGHAM
               CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Lynn E. Scott, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Sterling, Colorado, correctional facility. Mr. Scott has filed *pro se* a civil rights complaint for money damages pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a)(3). He also asserts jurisdiction pursuant to 42 U.S.C. §§ 1981, 1982, and 1985, and pursuant to 28 U.S.C. §§ 1357, 1367, 1861, 1961, 1962, 2201, 2202, 2250, 2283, and 2284. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 without payment of an initial partial filing fee.

    The Court must construe the complaint liberally because Mr. Scott is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the

*pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Scott will be ordered to file an amended complaint.

While the complaint is not a model of clarity, the Court has made a concerted effort to summarize Mr. Scott's allegations, which form the basis for what appear to be three asserted claims. Mr. Scott complains that approximately on October 3, 2005, while he was incarcerated at the Limon Correctional Facility and working for the Colorado Correctional Industries as a sewing machine operator for the garment factory, he lost a scissors down a toilet, was charged with and convicted of the disciplinary violations of advocating or creating facility disruption and damage to property, was fired from his prison job, and was placed in segregation. He complains that the incident report that lead to his disciplinary conviction was false. He alleges that on May 25, 2006, the Lincoln County District Court in Case No. 06-cv-04 reversed the disciplinary conviction in a Colo. R. Civ. P. 106(4)(A) proceeding, and that he eventually was rehired at his prison job. However, he complains that he did not receive any back pay or missed bonuses.

On the basis of these allegations, Mr. Scott maintains that various constitutional rights have been violated. He contends that the defendant John Reilly, who fired him from his prison job, failed to provide him with back pay or missed bonuses when he rehired him. He complains that the defendants Roberta and Ron Walters, who were handling his DOC file, failed to restore to him all the programs, privileges, and jobs lost as a result of the disciplinary charges and convictions. He fails to make any allegations against the defendants Pam Kehanic [sic] and Mary Carter. Mr. Scott also fails to make clear what statute applies to which claim and what he is challenging in each claim, i.e.,

2

the loss of his prison job, the lost of his wages and bonuses, the loss of privileges and participation in programs, the imposition of a disciplinary conviction based upon an allegedly false incident report, or some other claim or claims.

The amended complaint Mr. Scott will be directed to file must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Rather than summarizing each claim succinctly and separately in the spaces provided for claims one, two, and three on the Court-approved Prisoner Complaint form, Mr. Scott has consolidated his claims and apparently expects the Court to figure

3

out who is being sued for what and how Plaintiff's constitutional rights have been violated. That is not the Court's job. It is Mr. Scott's responsibility to edit and organize his claims and supporting allegations into a manageable format. Neither the defendants nor the Court is required to do this work for him. Mr. Scott must assert, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights.

In order for Mr. Scott "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Scott also must allege exactly what each defendant did to violate his constitutional rights, and he must allege which constitutional rights were violated. Personal participation by the named defendants is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) *Id.* Mr. Scott must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable merely because of his or her

supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the complaint does not meet the requirements of Fed. R. Civ. P. 8 and that Mr. Scott should be given an opportunity to file an amended complaint. He will be directed to do so below. Accordingly, it is

ORDERED that Mr. Scott file **within thirty (30) days from the date of this order** an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Scott, together with a copy of this order, two copies of the following form to be used in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Scott fails to file an amended complaint that complies with this order to the Court's satisfaction within the time allowed, the complaint and the action will be dismissed without further notice.

DATED May 5, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00651-BNB

Lynn E. Scott
Prisoner No. 60760
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 5/5/08

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk