IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00651-BNB

LYNN E. SCOTT,

    Plaintiff,

v.

JOHN REILLY,
ROBERTA WALTERS,
RON WALTERS,
PAM KEHANIC [sic], and
MARY CARTER,

    Defendants.

---

ORDER OF DISMISSAL

---

Plaintiff, Lynn E. Scott, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Sterling, Colorado, correctional facility. Mr. Scott filed *pro se* a civil rights complaint for money damages pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a)(3). He also asserted jurisdiction pursuant to 42 U.S.C. §§ 1981, 1982, and 1985, and pursuant to 28 U.S.C. §§ 1357, 1367, 1861, 1961, 1962, 2201, 2202, 2250, 2283, and 2284. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 without payment of an initial partial filing fee.

On May 5, 2008, Magistrate Judge Boyd N. Boland ordered Mr. Scott to file within thirty days an amended complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and that alleged each Defendant's

personal participation in the asserted constitutional violations. On June 5, 2008, Mr. Scott filed an amended complaint for money damages pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343 (a)(3). He also asserts jurisdiction pursuant to 28 U.S.C. §§ 1357, 1367, 1861, 1961, 1962, 2201, and 2284.

The Court must construe the amended complaint liberally because Mr. Scott is representing himself. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. See *Hall*, 935 F.2d at 1110. For the reasons stated below, the amended complaint will be dismissed.

As background, Mr. Scott alleges that approximately on October 3, 2005, while he was incarcerated at the Limon Correctional Facility and working for the Colorado Correctional Industries as a sewing machine operator, he lost a scissors down a toilet, and notified his supervisor of the loss. He further alleges that the prison plumbing crew found the scissors in the sewer the same day.

He asserts that Defendant John Reilly fired him from his prison job. He further alleges that he filed grievances as a result of the firing and that he received two write-ups under the Code of Penal Discipline. He was charged with and convicted of the disciplinary violations of advocating or creating facility disruption and damage to property. He alleges that on December 2, 2005, after a hearing, Defendant Mary Carter found him guilty of the disciplinary offenses based upon what he alleges was a false disciplinary report by Defendant Pam Kehanic. His administrative appeal was denied.

He alleges that he initiated a proceeding pursuant to Rule 106(4)(a) of the Colorado Rules of Civil Procedure in the Lincoln County District Court, which approximately on May 25, 2006, reversed the disciplinary conviction. He further alleges that approximately on July 7, 2006, Mr. Reilly rehired him at his prison job. However, he complains that he did not receive any back pay or missed bonuses. He also complains that Defendants Roberta Waters and Ron Waters failed to restore all programs and privileges lost as a result of his disciplinary conviction. He asserts that approximately on October 2, 2006, Mr. Reilly fired him again for no apparent reason and had him placed in administrative segregation for sixteen days. On the basis of these background allegations, Mr. Scott asserts five vague claims of constitutional violations. Once again, Mr. Scott fails to clarify which statute applies to which claim.

In the May 5, 2008, order for an amended complaint, Magistrate Judge Boland warned Mr. Scott that the amended complaint he would be directed to file must comply with the pleading requirements of Fed. R. Civ. P. 8. Magistrate Judge Boland pointed out that the twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. **See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas**, 891 F.2d 1473, 1480 (10th Cir. 1989). He also pointed out that the requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. **See TV Communications Network, Inc. v. ESPN, Inc.**, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Magistrate Judge Boland noted in the

3

May 5 order that Rule 8(a) specifically provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." He also noted that the philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." He further noted that taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Although Mr. Scott has summarized each claim succinctly and separately in the spaces, his explanation of his claims is vague, making it difficult for the Court to figure out who is being sued for what, the statutory basis for each claim, and how Plaintiff's constitutional rights have been violated. It is Mr. Scott's responsibility to edit and organize his claims and supporting allegations into a manageable format. Neither Defendants nor the Court is required to do this work for him. Mr. Scott must assert, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights.

As Magistrate Judge Boland emphasized in the May 5, 2008, order for an amended complaint, in order for Mr. Scott "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." ***Nasious v. Two Unknown B.I.C.E. Agents***, 492 F.3d 1158, 1163 (10th Cir. 2007).

4

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the amended complaint does not meet the requirements of Fed. R. Civ. P. 8 and must be dismissed. Accordingly, it is

ORDERED that the amended complaint is dismissed without prejudice for failure to comply with the pleading requirements of Fed. R. Civ. P. 8.

DATED at Denver, Colorado, this 16 day of July, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00651-BNB

Lynn E. Scott
Reg. No. 60760
Sterling Correctional Facility
PO BOX 6000
Sterling, CO 80751

 I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 7/16/08

            GREGORY C. LANGHAM, CLERK

            By: _____
               Deputy Clerk